UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------X
UNITED STATES OF AMERICA,

       - v. -

JOSEPH McLEAN

              Defendant.
------------------------------------------------------X

**DECLARATION**

10-cr-390 (CM)

      JOYCE C. LONDON, Esq., pursuant to 28 U.S.C. § 1746, hereby declares under penalty of perjury::

      1.     I am an attorney duly admitted to practice law before the bars of this Court and this State.

      2.     I represent defendant Joseph McLean, in the above-captioned multi-defendant prosecution and I submit this affidavit in support of defendant's motions for (I) an order suppressing certain physical evidence pursuant to Rule 12(b)(3)© of the Federal Rules of Criminal Procedure and the Fourth Amendment to the United States Constitution, which evidence was seized by law enforcement agents from the person of defendant McLean; (ii) an order pursuant to Rule 16(a)(C)(1) of the Federal Rules of Criminal Procedure directing the government to disclose any and all prior immoral or illegal acts and/or criminal convictions of the defendant which the government would seek to introduce against the defendant in such sufficient and reasonable time that the defendant may move to preclude the introduction of such evidence in accordance with Rules 403 and 404(b) of the Federal Rules of Evidence; (iii) an

order permitting defendant McLean to join in motions submitted by his co-defendants to the extent that they are not inconsistent with the motions submitted herein including but not limited to motions for discovery and particulars; and (iv) an order permitting defendant McLean to make such other and further motions as may be appropriate and necessary, including but not limited to motions to suppress wiretapped evidence obtained from a New York State wiretap should such a motion be warranted.

3. The source of my information and the basis for my belief in my statements contained herein are the Court records relating to this case, the materials provided by the government, the records on file in my office and conversations had with the defendant and others in this prosecution. Any matters about which I lack personal knowledge are asserted herein upon information and belief.

4. Under Indictment No. 10-cr-391 (CM) a grand jury of the Southern District of New York charged Joseph McLean in Counts One, Nineteen and Twenty-Five of a 29-count indictment. Count One charges that between March 2007 and May 2010, defendant McLean and 59 others conspired to distribute 50 grams or more of crack cocaine in and around Newburgh, New York, operating as a criminal organization known as the "Bloods," in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). Count Nineteen charges McLean with an individual drug sale, asserting that on or about January 8, 2010 he possessed with intent to distribute and did distribute five grams or more of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) and 18 U.S.C. §2. Count Twenty-Five charges McLean with an individual drug sale, asserting that on or about March 15, 2010 he possessed with intent to distribute and did distribute five grams or more of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) and 18 U.S.C. §2.

## SUPPRESSION OF EVIDENCE

5. Pursuant to Rule 12(b)(3)© of the Federal Rules of Criminal Procedure, defendant Joseph McLean now moves this Court to suppress certain evidence purportedly recovered from him by law enforcement agents prior to his arrest in this matter on the grounds that, at the time the evidence was purportedly seized from him, the law enforcement agents (i) did not have sufficient probable cause or reasonable suspicion to search him; (ii) that any search conducted exceed the bounds permissible under the law; and (iii) any evidence recovered from him was the fruit of the poisonous tree and must, therefore, be suppressed.

6. On January 8, 2010, Joseph McLean was sitting in a car in the front passenger side seat. Affidavit of Joseph McLean ("McLean Aff."), ¶ 2. (A copy of the Defendant's Affidavit is attached hereto as Exhibit A.) He had no drugs or weapons visible on his lap, in his hands or visible elsewhere in the vehicle. McLean Aff. ¶ 4.

7. A police van approached the car and one officer approached Mr McLean's side of the vehicle and ordered him to step out of the car. McLean Aff., ¶ 5. He did so. *Id.* He was then directed to turn toward the vehicle and place his hands on the car's roof. *Id.* He also complied with that order. *Id.* Another officer also ordered the car's driver to step out of the vehicle and put his hands on the car. *Id.*

8. The officer proceeded to search Mr McLean and in so doing placed his hands in all of the pockets of his clothing. McLean Aff., ¶ 6. The officers also searched the car's driver. *Id.*

9. According to the police, at this time they recovered a small personal use quantity of marijuana from one of Mr. McLean's pockets. All other items recovered during this personal search were personal items such as wallet and keys.

10. While the officers were searching Mr. McLean and the car's driver, a number of other officers exited the police van and proceeded to search the car. During this search they allegedly recovered pebbles of crack cocaine from the floor of the car

11. To date, the government has provided no lab reports for the "crack pebbles" purportedly recovered from the car, and those drugs were not charged as part of Mr. McLean's state arrest.

12. After the search of the car, Mr McLean was taken into custody and transported to a police precinct for processing. While at the precinct, the police were about to begin a body cavity search when Mr. McLean purportedly reached into his underpants and handed over a small bag that had been secreted therein.

13. Thereafter, on or about March 15, 2010, on the basis of the evidence the officers purportedly recovered from McLean on January 8, 2010, Mr. McLean was arrested by federal agents.

14. Those agents took Mr. McLean into custody and proceeded to search him. During the search, the agents purportedly recovered a small bag containing crack cocaine.

15. Mr. McLean now seeks to suppress any and all evidence taken from him by law enforcement agents on or around January 8, 2010 and on or around March 15, 2010 on the grounds that the initial stop and search was not supported by probable cause or reasonable suspicion, that the search exceeded the scope of what was permissible under the circumstances and that all subsequent searches and recovery of tangible items were the fruit of that first, illegal search.

## PRIOR BAD ACTS AND/OR CRIMINAL CONVICTIONS

16. Pursuant to Rule 16(a)(C)(1) of the Federal Rules of Criminal Procedure Mr McLean seeks an order directing the government to disclose any and all prior immoral or illegal acts and/or criminal convictions of the defendant which the government would seek to introduce against the defendant in such sufficient and reasonable time that the defendant may move to preclude the introduction of such evidence in accordance with Rules 403 and 404(b) of the Federal Rules of Evidence.

17. The government has already agreed that it will provide the defense with evidence of prior bad acts and/or criminal convictions in advance of the date set for trial.

18. Defendant McLean requests that the Court set a date for the disclosure of these materials at least a month in advance of the trial date.

## OTHER RELIEF

19. Defendant McLean seeks an order permitting him to join in motions submitted by his co-defendants to the extent that they are not inconsistent with the motions submitted herein including but not limited to motions for discovery and particulars. Upon information and belief a demand for a bill particular is to be filed on behalf of multiple defendants

20. Mr. McLean also seeks an order permitting him to make such other and further motions as may be appropriate and necessary, including but not limited to motions to suppress wiretapped evidence obtained from a New York State wiretap should such a motion be warranted. The government has provided supplemental discovery materials relating to a 2007 New York State wiretap only recently on January 20, 2011, just one week ago. These discovery materials consist of wiretap applications, supporting affidavits, line sheets, recordings and transcripts. They comprise several thousand pages of materials. After an initial cursory review, I do not believe

that Mr McLean is named as an interceptee or is intercepted on the recordings. However, in the event that he does have standing to challenge the evidence, he seeks to reserve his right to submit further motions should such motions be warranted.

WHEREFORE, it is respectfully requested that the relief requested be granted.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief. 28 U.S.C. § 1746.

Dated: New York, New York
      January 28, 2010

_____
JOYCE C. LONDON