UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
UNITED STATES OF AMERICA,

    - v. -                                                     10-cr-391 (CM)

JOSEPH McLEAN

                Defendant.
------------------------------------------------------------X


## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT JOSEPH McLEAN'S PRE-TRIAL MOTIONS


                                              Joyce C. London, Esq.
                                              20 Vesey Street, Suite 400,
                                              New York, NY 10007
                                              (212) 964-3700

                                              and

                                              Megan Wolfe Benett, Esq.
                                              (Southern District of New York
                                              Mentoring Program)

                                              *Attorneys for Defendant*
                                              *Joseph McLean*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
UNITED STATES OF AMERICA,

    - v. -                                                           10-cr-391 (CM)

JOSEPH McLEAN

            Defendant.
------------------------------------------------------------X

## PRELIMINARY STATEMENT

Under Indictment No. 10-cr-391 (CM), a grand jury of the Southern District of New York has charged Joseph McLean in Counts One, Nineteen and Twenty-Five of a 29-count indictment. Count One charges that between March 2007 and May 2010, Joseph McLean and 59 others conspired to distribute 50 grams or more of crack cocaine in and around Newburgh, New York, operating as a criminal organization known as the "Bloods," in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). Count Nineteen charges Joseph McLean with possessing with intent to distribute five grams or more of crack cocaine on January 8, 2010, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) and 18 U.S.C. §2. Count Twenty-Five charges Joseph McLean with possessing with intent to distribute five grams or more of crack cocaine on March 15, 2010, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) and 18 U.S.C. §2.

This Memorandum of Law is respectfully submitted on behalf of Joseph McLean's motions (1) pursuant to Rule 12(b)(3)© of the Federal Rules of Criminal Procedure and the Fourth Amendment of the United States Constitution to suppress evidence purportedly recovered from Mr. McLean by law enforcement agents during

seizures on or around January 8, 2010 and March 15, 2010; (2) to permit him to make other further motions as may be necessary; and (3) for such other relief as this Court may deem just and proper.

## STATEMENT OF RELEVANT FACTS

The facts relevant to this motion are set forth in the accompanying affidavits of attorney Joyce C. London and defendant Joseph McLean, executed on January 28, 2011, and are hereby fully incorporated into this Memorandum of Law as if set forth separately herein.

## ARGUMENT

## POINT I

## EVIDENCE FROM THE SEARCHES OF DEFENDANT MUST BE SUPPRESSED

1. **Applicable Law**

The Fourth Amendment of the United States Constitution commands that "the right of people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated ... ." The United States Supreme Court has observed "[o]ver and over again" that searches not supported by probable cause are "per se unreasonable under the Fourth Amendment – subject only to a few specifically established and well-delineated exceptions." *Katz v. United States*, 389 U.S. 347, 357 (1967) (internal citations, quotation marks and footnote omitted).

While a brief investigatory seizure by police is a narrowly drawn exception to the probable cause requirement of the Fourth Amendment, such a stop must be based upon "a reasonable suspicion supported by articulable facts that criminal activity 'may be afoot.'" *United States v. Sokolow*, 490 U.S. 1, 7 (1989), *quoting Terry v. Ohio*, 392 U.S.

1, 30 (1968); *see also United States v. Elmore*, 482 F.3d 172, 178 (2d Cir. 2007) ("A *Terry* stop represents an intermediate response allowing police to pursue a limited investigation when they lack the precise level of information necessary for probable cause to arrest.") Even if they possess the requisite reasonable suspicion, government agents may only conduct a "limited search of the outer clothing" of the suspect for the sole purpose of assessing whether that person is armed with a dangerous weapon. *Terry v. Ohio*, 392 U.S. at 25, 30. A *Terry* frisk is not justified by suspicion that a person may possess non-weapon contraband. *Sibron v. New York*, 392 U.S. 40 (1968) (suppressing drugs retrieved from suspect when officer had only reasonable suspicion, and not probable cause).

Should a government agent engage in a search that is more intrusive than what is permitted under *Terry v. Ohio* – that is, a search that goes beyond a protective patdown for weapons – the agent must have a particularized, objective basis to do so, rising to the level of probable cause to believe that a crime has been or is about to be committed, in order to conduct such a search in the absence of a warrant authorizing the agent to do so. *Terry v. Ohio*, 392 U.S. at 24.

### 2. The January 8, 2010 Search of Mr. McLean's Person Exceeded The Limits of an Investigatory Detainer and When The Police Searched Mr. McLean and the Car, They Did Not Have Probable Cause To Do So

On January 8, 2010, the police, immediately upon approaching the car, ordered Mr. McLean to step out and put his hands on the vehicle. *See* Affidavit of Joseph McLean ("McLean Aff."), ¶5 This constituted a seizure for Fourth Amendment purposes. *See Brendlin v. California*, 551 U.S. 249, 254 (2007) (person is seized by government agents for Fourth Amendment purposes when an officer "by means of

physical force <u>or show of authority</u>" restrains the person's freedom of movement) (emphasis added), *citing Florida v. Bostick*, 501 U.S. 429, 434 (1991); *see also United States v. Simmons*, 560 F.3d 98, 105 (2d Cir. 2009) ("A seizure occurs when (1) a person obeys a police officer's order to stop or (2) a person that does not submit to an officer's show of authority is physically restrained"). Mr. McLean's compliance with the officer's orders did not justify the search, as a suspect's "[m]ere acquiescence to lawful authority or submission to express or implied coercion cannot validate a search." *United States v. Price*, 599 F.2d 494, 503 (2d Cir. 1979).

At the time that the officers seized Mr. McLean, they did not have probable cause to believe a crime had been or was about to be committed. While sitting in the vehicle, Mr. McLean had no drugs visibly on his person, nor were any drugs visible in the car. *See* McLean Aff., ¶4 Without probable cause to believe Mr. McLean was engaged in criminal conduct, the police could not conduct a full search of his person, but could, at best, only conduct an investigatory detainer.

Even if the officers had reasonable suspicion warranting a *Terry* frisk at the time that they ordered Mr. McLean out of the vehicle, the invasive search of Mr. McLean, including the reaching into his pockets to retrieve items that bear no resemblance to a weapon, exceeded the boundaries of a permissible *Terry* investigatory detainer frisk. In a *Terry* search, officers may only conduct a protective pat down, ensuring that a suspect is not armed with a weapon. *United States v. Casado*, 303 F.3d 440, 447 (2d Cir. 2002) (though officers had reasonable suspicion to conduct *Terry* frisk, search into suspect's pockets that revealed cocaine was beyond the scope of what was permissible absent probable cause). Here, the police officers searched Mr. McLean's person beyond the

scope permissible under *Terry* when they put their hands into his pockets without any reason to believe that he had a weapon in those pockets.

Additionally, the non-consensual search of the car was also impermissible. Under the Supreme Court's automobile exception to the Fourth Amendment, police may conduct a warrantless search of a motor vehicle only "if probable cause exists to believe the vehicle contains contraband or other evidence of a crime." *United States v. Gaskin*, 364 F.3d 438, 456 (2d Cir. 2004), *citing Pennsylvania v. Labron*, 518 U.S. 938, 940 (1996) (per curiam). In this case, at the time the officers began to search the vehicle, no contraband or other evidence of a crime was visible to them. *See* McLean Aff., ¶X.[1] The police thus did not have probable cause to believe the vehicle contained contraband or evidence of a crime, and, under those circumstances, they were not permitted to search the car absent a warrant.

As a result of the evidence the police claim was recovered from Mr. McLean's vehicle (crack cocaine pebbles), Mr McLean was arrested and transported to the police precinct for processing. *See* McLean Aff 8. As a result of an imminent body cavity search, Mr McLean purportedly produced a small bag containing crack cocaine from his underpants. *See* McLean Aff., ¶8. This small bag of crack then provided the basis for the January 8, 2010 state charges against Mr McLean. The production of items by Mr McLean in the police precinct is directly and solely attributable to Mr. McLean's having been taken into police custody when he was ordered out of the car. At the time the police initially seized Mr. McLean, they did not have sufficient cause to conduct the search that purportedly produced the drugs that served as the basis for the arrest. Consequently, all

---

[1] While the government may contend that pebbles of crack cocaine were apparent to the human eye at the time that they approached the car, no lab report for any drugs allegedly recovered from the vehicle has ever been produced to defendants. *See* Affidavit of Joyce C. London, Esq. ("London Aff."), ¶11.

of the evidence allegedly recovered from Mr. McLean and the car on January 8, 2010 – the bag of marijuana, the crack pebbles from the vehicle and the bag of crack cocaine from Mr. McLean's underpants, must be suppressed pursuant to the exclusionary rule. *See Weeks v. United States*, 232 U.S. 383 (1914) (when items are obtained in violation of Fourth Amendment, proper remedy is to exclude its introduction into evidence); *Mapp v. Ohio*, 367 U.S. 643 (1961) (exclusionary rule is binding on the states).

### 3. Evidence Recovered From Mr. McLean on March 14, 2010 Was Obtained as a Result of The Initial Illegal Search on January 8, 2010 And Must Be Suppressed as Fruit of The Poisonous Tree

The exclusionary rule also "prohibits the introduction of derivative evidence, both tangible and testimonial, that is the product of the primary evidence, or that is otherwise acquired as an indirect result of the unlawful search … ." *Murray v. United States*, 487 U.S. 533, 536 – 537 (1988). Indeed, any items obtained as a result of the initial illegality – the "fruit of the poisonous tree" – must be excluded from evidence at trial. *Wong Sun v. United States*, 371 U.S. 471, 488 (1963).

In this case, Mr. McLean was arrested by federal agents on March 14, 2010 on the basis of the evidence purportedly recovered from him during the illegal January 8, 2010 search. Without the evidence illegally obtained on January 8, 2010, the federal agents would not have had reason to arrest Mr. McLean on March 14, 2010. Because the federal agents relied on the January 8, 2010 illegally obtained materials in arresting Mr. McLean on March 14, 2010, the March 14, 2010 conduct was tainted and the subsequent search and seizure of any evidence taken from Mr. McLean or produced by Mr. McLean upon his being taken into custody at that time must also be suppressed.

## CONCLUSION

For all the reasons set forth herein, the relief requested should be granted.

Dated: New York, New York
       January 28, 2011

                                          Respectfully submitted,

                                          */s/ Joyce C. London*

                                          Joyce C. London, Esq.
                                          20 Vesey Street, Suite 400,
                                          New York, NY 10007
                                          (212) 964-3700

                                                and

                                          Megan Wolfe Benett, Esq.
                                          (Southern District of New York
                                          Mentoring Program)


                                          *Attorneys for Defendant*
                                          *Joseph McLean*