k.    On or about July 28, 2009, McLEAN sold approximately 0.5 grams of crack cocaine to a confidential informant in exchange for approximately $40, in the vicinity of 140 Lander Street, Newburgh, New York.

l.    On or about October 14, 2009, a co-conspirator not named as a defendant herein and MOLEEK SAMPSON, a/k/a "Gams," the defendant, sold approximately 14 grams of crack cocaine to a confidential informant in exchange for approximately $500, in the vicinity of 160 Van Ness Street, Newburgh, New York.

m.    On or about October 21, 2009, a co-conspirator not named as a defendant herein and SAMPSON sold approximately 29.3 grams of crack cocaine to a confidential informant in exchange for approximately $1,000, in the vicinity of 160 Van Ness Street, Newburgh, New York.

n.    On or about October 28, 2009, McLEAN sold approximately 1 gram of crack cocaine to a confidential informant in exchange for approximately $50, in the vicinity of 140 Lander Street, Newburgh, New York.

o.    On or about November 12, 2009, McLEAN sold approximately 1 gram of crack cocaine to a confidential informant in exchange for approximately $60, in the vicinity of 140 Lander Street, Newburgh, New York.

p.    On or about November 12, 2009, TAYLOR FIELDS, a/k/a "Little A," a/k/a "Alex, the defendant, sold approximately

1 gram of crack cocaine to a confidential informant in exchange for approximately $60, in Newburgh, New York.

q. On or about January 8, 2010, McLEAN possessed approximately 27.2 grams of crack cocaine, in the vicinity of South and Liberty Streets, Newburgh, New York.

r. On or about January 22, 2010, a co-conspirator not named as a defendant herein and CLIFTON CATTS, the defendant, sold approximately 28.8 grams of crack cocaine to a confidential informant in exchange for approximately $1,300, in the vicinity of 123 Benkard Avenue, Newburgh, New York.

s. On or about January 25, 2010, a co-conspirator not named as a defendant herein and CATTS sold approximately 53.3 grams of crack cocaine to a confidential informant in exchange for approximately $2,400, in the vicinity of 123 Benkard Avenue, Newburgh, New York.

t. On or about February 3, 2010, two co-conspirators not named as a defendant herein and ALBERT ATKINS, a/k/a "Little Bill," a/k/a "Bill Blast," the defendant, sold approximately 52.5 grams of crack cocaine to a confidential informant in exchange for approximately $2,400, in the vicinity of 123 Benkard Street, Newburgh, New York.

u. On or about February 19, 2010, ALBERT ATKINS possessed approximately 1.2 grams of crack cocaine and $2,092 in cash, in the vicinity of 155 Chambers Street, Newburgh, New York.

v.   On or about March 9, 2010, DERRICK ATKINS sold approximately 3.5 grams of crack cocaine to a confidential informant in exchange for approximately $360, in the vicinity of 31 Route 17K, Town of Newburgh, New York.

w.   On or about March 10, 2010, DERRICK ATKINS sold approximately 3.4 grams of crack cocaine to a confidential informant in exchange for approximately $260, in the vicinity of 31 Route 17K, Town of Newburgh, New York.

x.   On or about March 11, 2010, DERRICK ATKINS sold approximately 3.1 grams of crack cocaine to a confidential informant in exchange for approximately $200, in the vicinity of 31 Route 17K, Town of Newburgh, New York.

y.   On or about March 15, 2010, McLEAN possessed approximately 5.6 grams of crack cocaine, in the vicinity of the Tarsio Lanes Bowling Alley, Newburgh, New York.

z.   On or about March 16, 2010, DERRICK ATKINS sold approximately 4 grams of crack cocaine to a confidential informant in exchange for approximately $360, in the vicinity of 31 Route 17K, Town of Newburgh, New York.

aa.   On or about March 17, 2010, DERRICK ATKINS sold approximately 6.2 grams of crack cocaine to a confidential informant in exchange for approximately $540, in the vicinity of 31 Route 17K, Town of Newburgh, New York.

bb. On or about March 31, 2010, MELVIN sold approximately 0.5 grams of crack cocaine to a confidential informant in exchange for approximately $40, in the vicinity of 140 Lander Street, Newburgh, New York.

cc. On or about April 5, 2010, a co-conspirator not named as a defendant herein and ROBERT HERRING, a/k/a "RICO," the defendant, sold approximately 1 gram of crack cocaine to a confidential informant in exchange for approximately $80, in the vicinity of 200 Chambers Street, Newburgh, New York.

(Title 21, United States Code, Section 846.)

## COUNT EIGHTEEN

The Grand Jury further charges:

63. On or about October 21, 2009, in the Southern District of New York, MOLEEK SAMPSON, a/k/a "Gams," the defendant, and others known and unknown, intentionally and knowingly did distribute and possess with intent to distribute a controlled substance, to wit, 28 grams and more of mixtures and substances containing a detectable amount of cocaine base, in a form commonly known as "crack."

(Title 21, United States Code, Sections 812, 841(a)(1), 841(b)(1)(B); Title 18, United States Code, Section 2.)

## COUNT NINETEEN

The Grand Jury further charges:

64. On or about January 22, 2010, in the Southern District of New York, CLIFTON CATTS, the defendant, and others known and unknown, intentionally and knowingly did distribute and possess with intent to distribute a controlled substance, to wit, 28 grams and more of mixtures and substances containing a detectable amount of cocaine base, in a form commonly known as "crack."

(Title 21, United States Code, Sections 812, 841(a)(1), 841(b)(1)(B); Title 18, United States Code, Section 2.)

## COUNT TWENTY

The Grand Jury further charges:

65. On or about January 25, 2010, in the Southern District of New York, CLIFTON CATTS, the defendant, and others known and unknown, intentionally and knowingly did distribute and possess with intent to distribute a controlled substance, to wit, 28 grams and more of mixtures and substances containing a detectable amount of cocaine base, in a form commonly known as "crack."

(Title 21, United States Code, Sections 812, 841(a)(1), 841(b)(1)(B); Title 18, United States Code, Section 2.)

COUNT TWENTY-ONE

The Grand Jury further charges:

66.   On or about February 3, 2010, in the Southern

District of New York, ALBERT ATKINS, a/k/a "Little Bill," a/k/a

"Bill Blast," the defendant, and others known and unknown,

intentionally and knowingly did distribute and possess with

intent to distribute a controlled substance, to wit, 28 grams and

more of mixtures and substances containing a detectable amount of

cocaine base, in a form commonly known as "crack."

(Title 21, United States Code, Sections 812, 841(a)(1),
841(b)(1)(B); Title 18, United States Code, Section 2.)

**ROBBERY OFFENSES**

COUNT TWENTY-TWO

CONSPIRACY TO COMMIT ROBBERY

The Grand Jury further charges:

67.   In or about April 2007, in the Southern District

of New York, DANIELLE WILLIAMS, the defendant, and others known

and unknown, unlawfully and knowingly did combine, conspire,

confederate, and agree together and with each other to commit

robbery, as that term is defined in Title 18, United States Code,

Section 1951(b)(1), and would and did thereby obstruct, delay,

and affect commerce and the movement of articles and commodities

in commerce, as that term is defined in Title 18, United States

Code, Section 1951(b)(3), to wit, WILLIAMS, the defendant, and

others known and unknown, agreed to commit a robbery of a

suspected narcotics dealer of narcotics and Social Security proceeds at a residence located at 270 First Street, Newburgh, New York.

Overt Act

68. In furtherance of the conspiracy and to effect the illegal object thereof, the following overt act, among others, was committed in the Southern District of New York and elsewhere:

a. On or about April 13, 2007, DANIELLE WILLIAMS, the defendant, and others known and unknown, traveled to the vicinity of 270 First Street, Newburgh, New York.

(Title 18, United States Code, Section 1951.)

COUNT TWENTY-THREE

ATTEMPTED ROBBERY

The Grand Jury further charges:

69. On or about April 13, 2007, in the Southern District of New York, DANIELLE WILLIAMS, the defendant, and others known and unknown, unlawfully and knowingly did attempt to commit robbery, as that term is defined in Title 18, United States Code, Section 1951(b)(1), and would thereby have obstructed, delayed, and affected commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), to wit, WILLIAMS, and others known and unknown, attempted to rob a suspected narcotics dealer of narcotics and Social Security

proceeds at a residence located at 270 First Street, Newburgh, New York.

(Title 18, United States Code, Sections 1951 and 2.)

## FIREARMS OFFENSES

### COUNT TWENTY-FOUR

The Grand Jury further charges:

70. From at least in or about 2004, up to and including in or about September 2011, in the Southern District of New York, ANTHONY BOYKIN, a/k/a "Double O," ALBERT ATKINS, a/k/a "Little Bill," a/k/a "Bill Blast," MARCO BOYKIN, a/k/a "Sparks," a/k/a "Polo," a/k/a "Polo Shine," CHARLES BYRD, a/k/a "AU," a/k/a "Ante Up," JOHN CANADAY, a/k/a "Stoney B," CLIFTON CATTS, CHARLES CORBIN, a/k/a "Buck," TAYLOR FIELDS, a/k/a "Little A," a/k/a "Alex," MAURICE HAGAN, a/k/a "Vision," ROBERT HERRING, a/k/a "Rico," DAVID JACKLYN, a/k/a "Hood," JOSEPH McLEAN, a/k/a "Millz," RAHSAAN MELVIN, a/k/a "Sincere," JOHN NELSON, a/k/a "Hellboy," a/k/a "HB," ANTWAN ROBINSON, a/k/a "Twizzy," JUSTIN SIMMONS, a/k/a "Justo," and DANIELLE WILLIAMS, the defendants, during and in relation to a drug trafficking crime for which they may be prosecuted in a court of the United States, namely, the narcotics conspiracy charged in Count Seventeen of this Indictment, knowingly did use and carry firearms, and, in furtherance of such crime, did possess firearms, and did aid and abet the use, carrying, and possession of firearms, to wit,

53

ANTHONY BOYKIN, ALBERT ATKINS, MARCO BOYKIN, BYRD, CANADAY, CATTS, CORBIN, FIELDS, HAGAN, HERRING, JACKLYN, McLEAN, MELVIN, NELSON, ROBINSON, SIMMONS, and WILLIAMS, used, carried, and possessed firearms in and around Newburgh, New York, Poughkeepsie, New York, and elsewhere, during and in relation to a conspiracy to distribute "crack" cocaine, which firearms were discharged.

(Title 18, United States Code, Sections 924(c)(1)(A)(iii) and 2.)

<u>COUNT TWENTY-FIVE</u>

The Grand Jury further charges:

71.  On or about March 4, 2009, in the Southern District of New York, ANTHONY BOYKIN, a/k/a "Double O," MARCO BOYKIN, a/k/a "Sparks," a/k/a "Polo," a/k/a "Polo Shine," and ANTWAN ROBINSON, a/k/a "Twizzy," the defendants, during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, namely, the conspiracy to commit murder in aid of racketeering charged in Count Three of this Indictment, and the murder in aid of racketeering charged in Count Four of this Indictment, knowingly did use and carry a firearm, and, in furtherance of such crimes, did possess a firearm, and did aid and abet the use, carrying, and possession of a firearm, which firearm was discharged, to wit, ANTHONY BOYKIN, MARCO BOYKIN, and ROBINSON caused the death of Lamont

Young by shooting Young in the vicinity of Lander Street and First Street, and aiding and abetting the same.

(Title 18, United States Code, Sections 924(c)(1)(A)(iii), 924(c)(1)(C)(i), and 2.)

## COUNT TWENTY-SIX

The Grand Jury further charges:

72. On or about March 4, 2009, in the Southern District of New York, ANTHONY BOYKIN, a/k/a "Double O," MARCO BOYKIN, a/k/a "Sparks," a/k/a "Polo," a/k/a "Polo Shine," and ANTWAN ROBINSON, a/k/a "Twizzy," the defendants, during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, namely, the conspiracy to commit murder in aid of racketeering charged in Count Three of this Indictment, and the murder in aid of racketeering charged in Count Four of this Indictment, knowingly did use and carry a firearm, and, in furtherance of such crimes, did possess a firearm, and did aid and abet the use, carrying, and possession of a firearm, and in the course of those crimes did cause the death of a person through the use of a firearm, which killing is murder as defined in Title 18, United States Code, Section 1111(a), to wit, ANTHONY BOYKIN, MARCO BOYKIN, and ROBINSON caused the death of Lamont Young by shooting Young in the

vicinity of Lander Street and First Street, Newburgh, New York, and aiding and abetting the same.

(Title 18, United States Code, Sections 924(j) and 2.)

## COUNT TWENTY-SEVEN

The Grand Jury further charges:

73. On or about October 5, 2008, in the Southern District of New York, MARCO BOYKIN, a/k/a "Sparks," a/k/a "Polo," a/k/a "Polo Shine," CHARLES BYRD, a/k/a "AU," a/k/a "Ante Up," CHARLES CORBIN, a/k/a "Buck," ROBERT HERRING, a/k/a "Rico," and DAVID JACKLYN, a/k/a "Hood," the defendants, during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, namely, the conspiracy to commit murder in aid of racketeering charged in Count Eleven of this Indictment, and the assault and attempted murder in aid of racketeering charged in Count Twelve of this Indictment, knowingly did use and carry firearms, and, in furtherance of such crimes, did possess firearms, and did aid and abet the use, carrying, and possession of firearms, which were discharged in the vicinity of 52 Benkard Avenue, Newburgh, New York.

(Title 18, United States Code, Sections
924(c)(1)(A)(iii), 924(c)(1)(C)(i), and 2.)

## COUNT TWENTY-EIGHT

The Grand Jury further charges:

74. On or about January 31, 2009, in the Southern District of New York, JOHN NELSON, a/k/a "Hellboy," a/k/a "HB," and DANIELLE WILLIAMS, the defendants, during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, namely, the conspiracy to commit murder in aid of racketeering charged in Count Thirteen of this Indictment, and the assault and attempted murder in aid of racketeering charged in Count Fourteen of this Indictment, knowingly did use and carry firearms, and, in furtherance of such crimes, did possess firearms, and did aid and abet the use, carrying, and possession of firearms, which were discharged in the vicinity of Farrington and Lander Streets, Newburgh, New York.

(Title 18, United States Code, Sections
924(c)(1)(A)(iii), 924(c)(1)(C)(i), and 2.)

## COUNT TWENTY-NINE

The Grand Jury further charges:

75. On or about July 17, 2009, in the Southern District of New York, JUSTIN SIMMONS, a/k/a "Justo," the defendant, during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, namely, the assault in aid of racketeering charged in Count Fifteen of this Indictment, knowingly did use and carry a firearm, and, in furtherance of such crime, did possess a

firearm, and did aid and abet the use, carrying, and possession of a firearm, which was discharged in the vicinity of 146 Lander Street, Newburgh, New York.

(Title 18, United States Code, Sections 924(c)(1)(A)(iii), 924(c)(1)(C)(i), and 2.)

## COUNT THIRTY

The Grand Jury further charges:

76.    On or about March 10, 2010, in the Southern District of New York, JOSEPH McLEAN, a/k/a "Millz," and RAHSAAN MELVIN, a/k/a "Sincere," the defendants, during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, namely, the assault in aid of racketeering charged in Count Sixteen of this Indictment, knowingly did use and carry firearms, and, in furtherance of such crimes, did possess firearms, and did aid and abet the use, carrying, and possession of firearms, which were discharged in the vicinity of Lander Street between Farrington and South Streets, Newburgh, New York.

(Title 18, United States Code, Sections 924(c)(1)(A)(iii), 924(c)(1)(C)(i), and 2.)

## COUNT THIRTY-ONE

The Grand Jury further charges:

77.    From at least in or about 2007, up to and including in or about September 2011, in the Southern District of New York and elsewhere, RAHSAAN MELVIN, a/k/a "Sincere," the

defendant, during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, namely, the racketeering enterprise charged in Count One of this Indictment and the racketeering conspiracy charged in Count Two of this Indictment, on occasions other than that charged in Count Thirty of this Indictment, knowingly did use and carry firearms, and, in furtherance of such crimes, did possess firearms, and did aid and abet the use, carrying, and possession of firearms, which were discharged.

(Title 18, United States Code, Sections
924(c)(1)(A)(iii), 924(c)(1)(C)(i), and 2.)

### COUNT THIRTY-TWO

The Grand Jury further charges:

78. On or about April 13, 2007, in the Southern District of New York, DANIELLE WILLIAMS, the defendant, during and in relation to a crime of violence for which she may be prosecuted in a court of the United States, namely, the conspiracy to commit robbery charged in Count Twenty-Two of this Indictment and the attempted robbery charged in Count Twenty-Three of this Indictment, knowingly did use and carry firearms, and, in furtherance of such crimes, did possess firearms, and did aid and abet the use, carrying, and possession of firearms, which

were brandished in the vicinity of 270 First Street, Newburgh, New York.

(Title 18, United States Code, Sections
924(c)(1)(A)(ii), 924(c)(1)(C)(i), and 2.)

## **SPECIAL FINDINGS**

### <u>SPECIAL FINDINGS AS TO ANTHONY BOYKIN</u>

79. Counts Four, Six, and Twenty-Six of this Indictment are re-alleged and incorporated by reference as though fully set forth herein. As to Counts Four and Twenty-Six, alleging the murder of Lamont Young in connection with a crime of violence, and Count Six, alleging the murder of Tyrik Legette in connection with a crime of violence, the defendant ANTHONY BOYKIN:

a. was 18 years of age or older at the time of the offenses;

b. intentionally killed Lamont Young (Title 18, United States Code, Section 3591(a)(2)(A));

c. intentionally inflicted serious bodily injury that resulted in the death of Lamont Young (Title 18, United States Code, Section 3591(a)(2)(B));

d. intentionally participated in acts, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and

60

Lamont Young and Tyrik Legette died as a direct result of the acts (Title 18, United States Code, Section 3591(a)(2)(C));

e.    intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and Tyrik Legette died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(D));

f.    committed the offense in the course of engaging in a continuing criminal enterprise in violation of section 408(c) of the Controlled Substances Act (21 U.S.C. § 848(c)), and that violation involved the distribution of drugs to persons under the age of 21 in violation of section 418 of that Act (21 U.S.C. § 859) (Title 18, United States Code, Section 3592(c)(13)).

## SPECIAL FINDINGS AS TO MARCO BOYKIN

80.   Counts Four, Six, and Twenty-Six of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.  As to Counts Four and Twenty-Six, alleging the murder of Lamont Young in connection with a crime of violence, and Count Six, alleging the murder of Tyrik Legette in connection with a crime of violence, the defendant MARCO BOYKIN:

a. was 18 years of age or older at the time of the offenses;

b. intentionally killed Lamont Young (Title 18, United States Code, Section 3591(a)(2)(A));

c. intentionally inflicted serious bodily injury that resulted in the death of Lamont Young (Title 18, United States Code, Section 3591(a)(2)(B));

d. intentionally participated in acts, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and Lamont Young and Tyrik Legette died as a direct result of the acts (Title 18, United States Code, Section 3591(a)(2)(C));

e. intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and Tyrik Legette died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(D));

f. committed the offense in the course of engaging in a continuing criminal enterprise in violation of section 408(c) of the Controlled Substances Act (21 U.S.C. § 848(c)), and that violation involved the distribution of drugs to

persons under the age of 21 in violation of section 418 of that Act (21 U.S.C. § 859) (Title 18, United States Code, Section 3592(c)(13)).

SPECIAL FINDINGS AS TO ANTWAN ROBINSON

81. Counts Four and Twenty-Six of the Indictment are re-alleged and incorporated by reference as though fully set forth herein. As to Counts Four and Twenty-Six, alleging the murder of Lamont Young in connection with a crime of violence, the defendant ANTWAN ROBINSON:

a.    was 18 years of age or older at the time of the offenses;

b.    intentionally killed Lamont Young (Title 18, United States Code, Section 3591(a)(2)(A));

c.    intentionally inflicted serious bodily injury that resulted in the death of Lamont Young (Title 18, United States Code, Section 3591(a)(2)(B));

d.    intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and Lamont Young died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(C));

e.    committed the offense in the course of engaging in a continuing criminal enterprise in violation of

section 408(c) of the Controlled Substances Act (21 U.S.C. § 848(c)), and that violation involved the distribution of drugs to persons under the age of 21 in violation of section 418 of that Act (21 U.S.C. § 859) (Title 18, United States Code, Section 3592(c)(13)).

## SPECIAL FINDINGS AS TO JOHN CANADAY

82.  Count Six of the Indictment is re-alleged and incorporated by reference as though fully set forth herein. As to Count Six, alleging the murder of Tyrik Legette in connection with a crime of violence, the defendant JOHN CANADAY:

a.    was 18 years of age or older at the time of the offenses;

b.    intentionally killed Tyrik Legette (Title 18, United States Code, Section 3591(a)(2)(A));

c.    intentionally inflicted serious bodily injury that resulted in the death of Tyrik Legette (Title 18, United States Code, Section 3591(a)(2)(B));

d.    intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and Tyrik Legette died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(C));

e. intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and Tyrik Legette died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(D));

f. committed the offense in the course of engaging in a continuing criminal enterprise in violation of section 408(c) of the Controlled Substances Act (21 U.S.C. § 848(c)), and that violation involved the distribution of drugs to persons under the age of 21 in violation of section 418 of that Act (21 U.S.C. § 859) (Title 18, United States Code, Section 3592(c)(13)).

## SPECIAL FINDINGS AS TO CHARLES CORBIN

83. Count Six of the Indictment is re-alleged and incorporated by reference as though fully set forth herein. As to Count Six, alleging the murder of Tyrik Legette in connection with a crime of violence, the defendant CHARLES CORBIN:

a. was 18 years of age or older at the time of the offenses;

b. intentionally killed Tyrik Legette (Title 18, United States Code, Section 3591(a)(2)(A));

c. intentionally inflicted serious bodily injury that resulted in the death of Tyrik Legette (Title 18, United States Code, Section 3591(a)(2)(B));

d. intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and Tyrik Legette died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(C));

e. intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and Tyrik Legette died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(D));

f. committed the offense in the course of engaging in a continuing criminal enterprise in violation of section 408(c) of the Controlled Substances Act (21 U.S.C. § 848(c)), and that violation involved the distribution of drugs to persons under the age of 21 in violation of section 418 of that Act (21 U.S.C. § 859) (Title 18, United States Code, Section 3592(c)(13)).

## SPECIAL FINDINGS AS TO MAURICE HAGAN

84.   Count Six of the Indictment is re-alleged and
incorporated by reference as though fully set forth herein.   As
to Count Six, alleging the murder of Tyrik Legette in connection
with a crime of violence, the defendant MAURICE HAGAN:

a.   was 18 years of age or older at the time of
the offenses;

b.   intentionally participated in an act,
contemplating that the life of a person would be taken or
intending that lethal force would be used in connection with a
person, other than one of the participants in the offense, and
Tyrik Legette died as a direct result of the act (Title 18,
United States Code, Section 3591(a)(2)(C));

c.   intentionally and specifically engaged in an
act of violence, knowing that the act created a grave risk of
death to a person, other than one of the participants in the
offense, such that participation in the act constituted a
reckless disregard for human life and Tyrik Legette died as a
direct result of the act (Title 18, United States Code, Section
3591(a)(2)(D));

d.   had previously been convicted of a Federal or
State offense punishable by a term of imprisonment of more than 1
year, involving the use or attempted or threatened use of a

firearm against another person (Title 18, United States Code, Section 3592(c)(2));

      e.    committed the offense in the course of engaging in a continuing criminal enterprise in violation of section 408(c) of the Controlled Substances Act (21 U.S.C. § 848(c)), and that violation involved the distribution of drugs to persons under the age of 21 in violation of section 418 of that Act (21 U.S.C. § 859) (Title 18, United States Code, Section 3592(c)(13)).

## SPECIAL FINDINGS AS TO ROBERT HERRING

    85.   Count Six of the Indictment is re-alleged and incorporated by reference as though fully set forth herein. As to Count Six, alleging the murder of Tyrik Legette in connection with a crime of violence, the defendant ROBERT HERRING:

      a.    was 18 years of age or older at the time of the offenses;

      b.    intentionally killed Tyrik Legette (Title 18, United States Code, Section 3591(a)(2)(A));

      c.    intentionally inflicted serious bodily injury that resulted in the death of Tyrik Legette (Title 18, United States Code, Section 3591(a)(2)(B));

      d.    intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a

person, other than one of the participants in the offense, and Tyrik Legette died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(C));

      e.    intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and Tyrik Legette died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(D));

      f.    committed the offense in the course of engaging in a continuing criminal enterprise in violation of section 408(c) of the Controlled Substances Act (21 U.S.C. § 848(c)), and that violation involved the distribution of drugs to persons under the age of 21 in violation of section 418 of that Act (21 U.S.C. § 859) (Title 18, United States Code, Section 3592(c)(13)).

<u>SPECIAL FINDINGS AS TO JUSTIN SIMMONS</u>

    86.  Count Six of the Indictment is re-alleged and incorporated by reference as though fully set forth herein.  As to Count Six, alleging the murder of Tyrik Legette in connection with a crime of violence, the defendant JUSTIN SIMMONS:

      a.    was 18 years of age or older at the time of the offenses;

b.    intentionally killed Tyrik Legette (Title 18, United States Code, Section 3591(a)(2)(A));

c.    intentionally inflicted serious bodily injury that resulted in the death of Tyrik Legette (Title 18, United States Code, Section 3591(a)(2)(B));

d.    intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and Tyrik Legette died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(C));

e.    intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and Tyrik Legette died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(D));

f.    committed the offense in the course of engaging in a continuing criminal enterprise in violation of section 408(c) of the Controlled Substances Act (21 U.S.C. § 848(c)), and that violation involved the distribution of drugs to persons under the age of 21 in violation of section 418 of that

Act (21 U.S.C. § 859) (Title 18, United States Code, Section 3592(c)(13)).

## FORFEITURE ALLEGATIONS

(Counts One and Two: RICO Offenses)

87. The allegations contained in Counts One and Two of this Indictment are hereby repeated, realleged, and incorporated by reference herein as though fully set forth at length for the purpose of alleging forfeiture pursuant to the provisions of Title 18, United States Code, Section 1963. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given to the defendant that the United States will seek forfeiture as part of any sentence in accordance with Title 18, United States Code, Section 1963 in the event of the defendant's conviction under Counts One and Two of this Indictment.

88. ANTHONY BOYKIN, a/k/a "Double O," MARCO BOYKIN, a/k/a "Sparks," a/k/a "Polo," a/k/a "Polo Shine," CHARLES BYRD, a/k/a "AU," a/k/a "Ante Up," JOHN CANADAY, a/k/a "Stoney B," CHARLES CORBIN, a/k/a "Buck," TAYLOR FIELDS, a/k/a "Little A," a/k/a "Alex," MAURICE HAGAN, a/k/a "Vision," ROBERT HERRING, a/k/a "Rico," DAVID JACKLYN, a/k/a "Hood," JOSEPH McLEAN, a/k/a "Millz," RAHSAAN MELVIN, a/k/a "Sincere," JOHN NELSON, a/k/a "Hellboy," a/k/a "HB," ANTWAN ROBINSON, a/k/a "Twizzy," JUSTIN SIMMONS, a/k/a "Justo," and DANIELLE WILLIAMS, the defendants:

a.    have acquired and maintained interests in violation of Title 18, United States Code, Section 1962, which interests are subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 1963(a)(1);

b.    have an interest in, security of, claim against, and property and contractual rights which afford a source of influence over the enterprise named and described herein which the defendant established, operated, controlled, conducted, and participated in the conduct of, in violation of Title 18, United States Code, Section 1962, which interests, securities, claims, and rights are subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 1963(a)(2); and/or

c.    have property constituting and derived from proceeds obtained, directly and indirectly, from the aforesaid racketeering activity, in violation of Title 18, United States Code, Section 1962, which property is subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 1963(a)(3).

89.    The interests of the defendants subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 1963(a) include the amount of gross proceeds received by the defendant derived from racketeering activities as alleged in Counts One and Two of this Indictment.

## Substitute Assets Provision

90.     If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

  a.     cannot be located upon the exercise of due diligence;

  b.     has been transferred or sold to, or deposited with, a third person;

  c.     has been placed beyond the jurisdiction of the Court;

  d.     has been substantially diminished in value; or

  e.     has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 1963(m), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Section 1963.)

### FORFEITURE ALLEGATIONS

(Counts Seventeen, Eighteen, Nineteen, Twenty, and Twenty-One:

Narcotics Offenses)

91.     As a result of committing the controlled substance offenses alleged in Counts Seventeen, Eighteen, Nineteen, Twenty, and Twenty-One of this Indictment, ANTHONY BOYKIN, a/k/a "Double

O," ALBERT ATKINS, a/k/a "Little Bill," a/k/a "Bill Blast," DERRICK ATKINS, a/k/a "D1," MARCO BOYKIN, a/k/a "Sparks," a/k/a "Polo," a/k/a "Polo Shine," CHARLES BYRD, a/k/a "AU," a/k/a "Ante Up," JOHN CANADAY, a/k/a "Stoney B," CLIFTON CATTS, CHARLES CORBIN, a/k/a "Buck," TAYLOR FIELDS, a/k/a "Little A," a/k/a "Alex," MAURICE HAGAN, a/k/a "Vision," ROBERT HERRING, a/k/a "Rico," DAVID JACKLYN, a/k/a "Hood," JOSEPH McLEAN, a/k/a "Millz," DANNY McNAIR, a/k/a "Danny Dog," RAHSAAN MELVIN, a/k/a "Sincere," JOHN NELSON, a/k/a "Hellboy," a/k/a "HB," ANTWAN ROBINSON, a/k/a "Twizzy," MOLEEK SAMPSON, a/k/a "Gams," JUSTIN SIMMONS, a/k/a "Justo," and DANIELLE WILLIAMS, the defendants, shall forfeit to the United States, pursuant to 21 U.S.C. § 853, any and all property constituting or derived from any proceeds the said defendants obtained directly or indirectly as a result of the said violation and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the violations alleged in Counts Seventeen, Eighteen, Nineteen, Twenty, and Twenty-One of this Indictment, including but not limited to, the following:

      a.    A sum in United States currency representing the amount of all proceeds obtained as a result of the controlled substance offenses alleged in Counts Seventeen, Eighteen, Nineteen, Twenty, and Twenty-One of the Indictment.

## Substitute Asset Provision

92.   If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendants -

a.   cannot be located upon the exercise of due diligence;

b.   has been transferred or sold to, or deposited with, a third person;

c.   has been placed beyond the jurisdiction of the Court;

d.   has been substantially diminished in value; or

e.   has been commingled with other property which cannot be subdivided without difficulty;

it is the intention of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of the defendants up to the value of the above forfeitable property.

(Title 21, United States Code, Sections 841(a)(1), 846 and 853.)

## FORFEITURE ALLEGATIONS

(Counts Twenty-Two and Twenty-Three)

93.   As the result of committing the offenses alleged in Counts Twenty-Two and Twenty-Three of this Indictment, DANIELLE WILLIAMS, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section

981(a)(1)(C) and Title 28, United States Code, Section 2461, all property, real and personal, constituting and derived from proceeds traceable to the commission of the offenses alleged in Counts Twenty-Two and Twenty-Three of this Indictment, including but not limited to a sum in United States currency representing the amount of proceeds obtained as a result of the offenses.

<u>Substitute Assets Provision</u>

94.  If any of the forfeitable property described in Paragraph 93 of this Indictment, as a result of any act or omission of the defendant(s):

a.  cannot be located upon the exercise of due diligence;

b.  has been transferred or sold to, or deposited with, a third person;

c.  has been placed beyond the jurisdiction of the Court;

d.  has been substantially diminished in value; and

e.  has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property.

(Title 18, United States Code, Section 981,
Title 28, United States Code, Section 2461,
Title 18, United States Code, Section 1951, and
Title 21, United States Code, Sections 841(a)(1) and 853.)

_____
FOREPERSON

_____
PREET BHARARA
United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

ANTHONY BOYKIN, a/k/a "Double O," ALBERT ATKINS, a/k/a
"Little Bill," a/k/a "Bill Blast," DERRICK ATKINS,
a/k/a "D1," MARCO BOYKIN, a/k/a "Sparks," a/k/a "Polo,"
a/k/a "Polo Shine," CHARLES BYRD, a/k/a "AU," a/k/a
"Ante Up," JOHN CANADAY, a/k/a "Stoney B," CLIFTON
CATTS, CHARLES CORBIN, a/k/a "Buck," TAYLOR FIELDS,
a/k/a "Little A," a/k/a "Alex," MAURICE HAGAN, a/k/a
"Vision," ROBERT HERRING, a/k/a "Rico," DAVID JACKLYN,
a/k/a "Hood," JOSEPH McLEAN, a/k/a "Millz," DANNY
McNAIR, a/k/a "Danny Dog," RAHSAAN MELVIN, a/k/a
"Sincere," JOHN NELSON, a/k/a "Hellboy," a/k/a "HB,"
ANTWAN ROBINSON, a/k/a "Twizzy," MOLEEK SAMPSON, a/k/a
"Gams," JUSTIN SIMMONS, a/k/a "Justo," and DANIELLE
WILLIAMS,

Defendants.

## INDICTMENT

S7 10 Cr. 391 (CM)

(18 U.S.C. §§ 2, 924(c), 924(j), 1951, 1959(a)(1),
1959(a)(3), 1959(a)(5), 1961, 1962(c), & 1961(d), and
21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(B), & 846.)

PREET BHARARA
United States Attorney.

A TRUE BILL

_____
Foreperson.

9/12/11  INDICTMENT RETURNED FILED. ARREST WARRANTS ISSUED

COTT, USMJ