UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

UNITED STATES OF AMERICA,

    -against-                                      10 Cr. 391 (CM)

ANTHONY BOYKIN, et al.,

    Defendants.

------------------------------------------------------------x

### ORDER DIRECTING DEFENSE COUNSEL TO FILE A MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 IN LIGHT OF DORSEY v. UNITED STATES

McMahon, J.:

The crack sales that constitute the criminal conduct in this case took place prior to August 3, 2010, the enactment date of the Fair Sentencing Act of 2010 ("FSA"), Pub.L. No. 111–220, 124 Stat. 2372. The FSA reduced the crack-to-powder cocaine disparity from 100–to–1 to 18–to–1, increasing significantly the threshold needed to trigger the harsh 10 and 20 year mandatory minimum sentences, found in Title 21, United States Code, Sections 841(b)(1)(A) or 841(b)(1)(B). The wrinkle in this otherwise clear legislation is that Congress did not indicate whether it intended the Fair Sentencing Act's new, lower-mandatory minimums to apply to the post-Act sentencing of pre-Act offenders. Congress silence on this issue has led to an uneven and not-always-fair application of the Fair Sentencing Act.

Whether the FSA, new more lenient statutory minima should apply to defendants who committed their crimes prior to the enactment of the FSA but sentenced after the enactment has been the subject of much litigation in the district courts, and has resulted in a split among the

1

circuits (the Second Circuit has not addressed this precise issue[1]). Compare United States v. Douglas, 644 F.3d 39, 42–44 (1st Cir. 2011) (Act applies), and United States v. Dixon, 648 F.3d 195, 203 (3rd Cir. 2011) (same), with United States v. Fisher, 635 F.3d 336, 339-340 (7th Cir. 2011) (Act does not apply), United States v. Sidney, 648 F.3d 904, 910 (8th Cir. 2011) (same), and United States v. Tickles, 661 F.3d 212, 215 (5th Cir. 2011) (per curiam) (same). Last week, the Supreme Court resolved that split in Dorsey v. United States, --- S.Ct. ----, 2012 WL 2344463 (June 21, 2012), ruling that the more lenient penalties of the FSA applied to those offenders who committed their offense prior to the Act's effective date, but sentenced after that date (August 3, 2010).

The following is a list of defendants sentenced after the enactment of the FSA on August 3, 2010, for whom the Court erroneously applied the pre-FSA thresholds for triggering the statutory mandatory minima:

> Patrick Gayle- sentenced on May 3, 2011, pursuant to Section 841(b)(1)(A), to a mandatory minimum sentence of 120 months' imprisonment;
>
> Angelo Robinson- sentenced on May 9, 2011, pursuant to Section 841(b)(1)(B), to a mandatory minimum sentence of 60 months' imprisonment;
>
> Acrel Simon- sentenced on May 10, 2011, pursuant to Section 841(b)(1)(B), to a mandatory minimum sentence of 60 months' imprisonment, minus credit for 37 months and 27 days' imprisonment, for a sum total of 22 months and four days' imprisonment;
>
> Tayshawn Fazion- sentenced on June 1, 2011, pursuant to Section 841(b)(1)(A), to 121 months' imprisonment, minus credit for 28 months' imprisonment, for a sum total of 93 months' imprisonment;
>
> Sean Cotton- sentenced on June 6, 2011, pursuant to Section 841(b)(1)(B), to a mandatory minimum sentence of 60 months' imprisonment;

---

[1] In neither United States v. Diaz, 627 F.3d 930 (2d Cir.2010) nor United States v. Acoff, 634 F.3d 200 (2d Cir.2011) did the Second Circuit analyze whether the FSA could be said, either "by fair implication" or by "necessary implication" to apply to a defendant who is being sentenced after the effective date of the FSA, because the defendants in both those cases were sentenced before the effective date of the statute, August 3, 2010.

Alexander Jackson- sentenced on June 8, 2011, pursuant to Section 841(b)(1)(A), to a mandatory minimum sentence of 120 months' imprisonment;

Ronald Woody- sentenced on June 21, 2011, pursuant to Section 841(b)(1)(A), to a mandatory minimum sentence of 120 months' imprisonment, minus credit for 39 months and 10 days' imprisonment, for a sum total of 80 months and 20 days' imprisonment;

Robert Bailey- sentenced on June 22, 2011, pursuant to Section 841(b)(1)(B), to a mandatory minimum sentence of 60 months' imprisonment, minus credit for 38 months and 23 days' imprisonment, for a sum total of 21 months and seven days' imprisonment;

John Hamilton- sentenced on June 22, 2011, pursuant to Section 841(b)(1)(B), to a mandatory minimum sentence of 60 months' imprisonment;

Philip Peterson- sentenced on June 22, 2011, pursuant to Section 841(b)(1)(A), to a mandatory minimum sentence of 120 months' imprisonment;

Naquan Gayle- sentenced on July 5, 2011, pursuant to Section 841(b)(1)(A), to a mandatory minimum sentence of 120 months' imprisonment, minus credit for 45 months and 25 days' imprisonment, for a sum total of 74 months and six days' imprisonment;

Rodney Bethea- sentenced on July 14, 2011, pursuant to Section 841(b)(1)(B), to 70 months' imprisonment.[2]

While each of these defendants should be afforded an opportunity to challenge their sentences, they face a common procedural obstacle-- they each pled guilty pursuant to a plea agreement that bars them from either appealing or collaterally attacking their sentences.[3] The Government's stated position on waiver prior to the Dorsey decision -- a position to which the

---

[2] This list might have been considerably longer. However, on September 16, 2011, in the face of the Attorney General's changed position on the applicability of the statutory minima to defendants who committed their illegal conduct before the enactment of the FSA, but sentenced after the enactment, this Court changed its position and held that the FSA, "authorizes the application of Congress' newly promulgated mandatory minimum sentences to defendants who were not sentenced as of November 1, 2010— the date on which the new sentencing guidelines authorized by the statute came into effect-regardless of when those defendants committed their crimes." United States v. Jason Robinson, No. 10 Cr. 391–44(CM), 2011 WL 4357353 (S.D.N.Y. Sept. 16, 2011). Thus, all defendants sentenced on or after September 16, 2011 were sentenced consistent with Dorsey.

[3] After this Court's ruling in United States v. Robinson, the Court issued an order allowing those defendants possibly affected by that decision – Boykin defendants sentenced on or after November 1, 2010 – to file a late notice of appeal, and at least six defendants (Jackson, Woody, Bailey, Hamilton, Peterson, and Gayle) now have appeals pending in the Second Circuit Court of Appeals.

3

Government apparently adheres -- was that defendants waived their right to appeal or otherwise collaterally attack their sentences and there is no reason why those agreement should not be enforced. With respect to those defendants who have an appeal pending in addition to a motion to vacate before the Court, the Government argues that the collateral attack here is premature. For those defendants who have not appealed but wish to proceed by motion to vacate in this Court, the Government contends that their failure to raise the applicability and enforceability of the appellate/habeas waiver issue on appeal bars any collateral attack on the sentence or the appellate waiver. (See Government's Brief in Response to Naquan Gayle's Habeas Petition).

In light of the Supreme Court's decision in United States v. Dorsey, the Government's position no longer seems tenable. Last September the Eleventh Circuit held that "Fair Sentencing Act claims, like any other type of sentence claim, could be waived by knowing and voluntary appeal waiver," United States v. Smith, 654 F3d 1263 (11 Cir 2011), only to reverse that decision last week "in light of Dorsey." United States v. Smith, --- F.3d ----, 2012 WL 2401588 (11th Cir. Jun 26, 2012) (NO. 10-15044) ("Our previous opinion in this case is VACATED, and the case is REMANDED to the district court for further consideration in light of Dorsey v. United States.") (citations omitted). It hardly seems to me that these defendants had an opportunity to make a knowing, and so fully voluntary, waiver of this issue. Since the law regarding the application of the new FSA mandatory minima was unsettled when these defendants were considering the Government's plea offers, no competent counsel could have advised his or her client with any certainty what, if any, mandatory minimum sentence would

4

control at a sentencing months after the plea proceeding.[4] The Government's continued adherence to a waiver defense as a procedural bar elevates form over substance.

Accordingly, counsel for the affected defendants are directed to file (within 14 days of this decision and order) a motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. § 2255. (Letter motion will be accepted.) The motion is to be limited to those issues implicated by the Supreme Court's decision in Dorsey. Counsel are directed to file a motion even if such a motion has already been filed or an appeal on this issue is pending in the Court of Appeals. (Counsel should reference any earlier filing and the posture of that motion or appeal.) The Government will have 10 days to file its response to defendants' motions.

Dated: July 3, 2012

_____
U.S.D.J.

BY ECF TO ALL COUNSEL

---

[4] The Probation Department needs at least three months between the plea and sentencing to prepare a presentence investigation report for the court. Regrettably, that period is often enlarged for various reasons, including accommodating the busy schedules of the members of the defense bar.