UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

        -v.-

JUSTIN SIMMONS
   a/k/a "Justo,"

        Defendant.

No. 10 Cr. 391 (CM)

## GOVERNMENT'S OPPOSITION TO
## DEFENDANT JUSTIN SIMMONS'S PRETRIAL MOTION

        PREET BHARARA
        United States Attorney for the
        Southern District of New York
        One Saint Andrew's Plaza
        New York, New York 10007

Emil J. Bove III
Amie N. Ely
Michael D. Maimin
Assistant United States Attorneys
   *Of Counsel*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

        -v.-

JUSTIN SIMMONS
   a/k/a "Justo,"

        Defendant.

No. 10 Cr. 391 (CM)

# GOVERNMENT'S OPPOSITION TO
# DEFENDANT JUSTIN SIMMONS'S PRETRIAL MOTION

### Preliminary Statement

The Government writes in opposition to the pretrial motion filed by defendant Justin Simmons ("the defendant"). For the reasons set forth herein, the Court should deny the defendant's motion.

### Background

The defendant is a member of the Newburgh, New York-based criminal organization known as the "Bloods." On May 5, 2010, he was charged in a sealed indictment, No. 10 Cr. 391 (CM), and he was arrested on May 13, 2010. On September 12, 2011, the defendant was charged in a Superseding Indictment, No. S7 10 Cr. 391 (CM), with racketeering (Count One); racketeering conspiracy (Count Two); conspiracy to murder in aid of racketeering activity (Count Five); murder in aid of racketeering activity (Count Six); assault in aid of racketeering activity (Count Fifteen); narcotics conspiracy (Count Seventeen); and using,

carrying, and possessing firearms in relation to other offenses charged in the Superseding Indictment (Counts Twenty-Four and Twenty-Nine).

## Argument

### I. Justin Simmons's Motion Should Be Denied

The defendant seeks: (1) an order precluding the Government from offering evidence of uncharged crimes or, in the alternative, directing the Government to disclose any evidence that it will seek to introduce at trial pursuant to Rule 404(b) of the Federal Rules of Evidence (Def.'s Mem. at 2); (2) a bill of particulars (Def.'s Mot. ¶ 2); (3) the dismissal of Counts Fifteen and Twenty-Nine of the Superseding Indictment for lack of jurisdiction (Def.'s Mem. at 4); and (4) the production of various types of witness statements (*id.* at 6). No relief is warranted.

The defendant offers no valid basis for the blanket preclusion that he seeks of all evidence that would otherwise be admissible under Rule 404(b). The Government has already provided the defendant with a preview of some of its other-acts evidence in the Government's October 27, 2011 letter to the Court and all defense counsel. The Government is presently in the process of making determinations regarding what evidence it will seek to offer at trial, and any such determinations are necessarily preliminary at this time in light of, among other things, ongoing negotiations with various defendants regarding potential pretrial dispositions. However, pursuant to the schedule set by the Court on September 7, 2012, the Government will provide notice of any evidence that it intends to offer at trial pursuant to Rule 404(b) by January 17, 2013.

In the defendant's Notice of Motion, he makes a conclusory request for a bill of particulars regarding five categories of information, and he offers no arguments in support of the request. The defendant first requests "the beginning time and date of the alleged agreement referred to in Counts 2, 5, and 17, and the acts upon which the government relies to establish such place and time." (Def.'s Mot. ¶ 2[a]). This request is addressed in the Superseding Indictment, which alleges the approximate start date of the conspiracies charged in those Counts. (*See* Superseding Indictment ¶¶ 28, 36, 59). Nothing more is required. *See, e.g.*, *United States* v. *Minaya*, No. 11 Cr. 755 (JFK), 2012 WL 1711569, at *1 (S.D.N.Y. May 12, 2012) ("The Second Circuit has 'consistently sustained indictments which track the language of a statute and, in addition, do little more than state time and place in approximate terms.'" (quoting *United States* v. *Salazar*, 485 F.2d 1272, 1277 (2d Cir. 1973))). The defendant's second, third, and fourth requests seek police reports and medical records relating to events alleged in the Superseding Indictment. (Def.'s Mot. ¶¶ 2[b], [c], [d]). The Government will continue to honor all of its discovery obligations as it prepares for trial, and it anticipates producing additional discoverable materials in December, pursuant to Rule 16, as it identifies such materials. That said, "[a]cquisition of evidentiary detail is not the function of a bill of particulars," *United States* v. *Torres*, 901 F.2d 205, 234 (2d Cir. 1990), and this procedural mechanism is not to be used as a "discovery tool," *United States* v. *Davis*, No. 06 Cr. 911 (LBS), 2009 WL 1098477, at *4 (S.D.N.Y. Apr. 21, 2009). Therefore, no bill of particulars is warranted with respect to the defendant's second, third, and fourth requests. In his fifth request, the defendant seeks information regarding "[w]hat specifically he was doing that constituted his participation in the

3

conspiracy alleged in Counts 2, 5, and 17 of the indictment." (Def.'s Mot. ¶ 2[e]). This is a bald attempt to use a bill of particulars as a "means to preview the theory of the Government's case." *Davis*, 2009 WL 1098477, at *4. The request should be rejected. In sum, the Superseding Indictment affords the defendant ample notice of the nature of the charges against him, and the Government has already produced a substantial amount of discovery that provides factual detail relating to the Government's allegations. Accordingly, the defendant's motion for a bill of particulars should be denied.

The defendant's motion to dismiss Counts Fifteen and Twenty-Nine of the Superseding Indictment should also be denied. In support of this application, the defendant argues that he is aware of "no evidence" that the murder charged in these counts "was done to enhance his position within the organization." (Def.'s Mem. at 5). However, that is an issue for the jury, not a question to be resolved in a pretrial motion. Put simply, "[t]here is no summary judgment in criminal cases." *United States* v. *Tomero*, 496 F. Supp. 2d 253, 255 (S.D.N.Y. 2007); *see also United States* v. *Alfonso*, 143 F.3d 772, 777 (2d Cir. 1998) ("[T]he sufficiency of the evidence is not appropriately addressed on a pretrial motion to dismiss an indictment."). Accordingly, this aspect of the defendant's motion should be denied.

Finally, the defendant seeks production of various types of witness statements. The Government has complied, and will continue to comply, with all of its discovery obligations on a timely basis and as ordered by the Court, including the production of statements pursuant to the *Jencks* Act, *Brady* v. *Maryland*, 373 U.S. 83 (1963), and *Giglio* v. *United States*, 405 U.S. 150 (1972). Therefore, the defendant's final request merits no relief.

## Conclusion

For the foregoing reasons, the defendant's motion should be denied.

Dated: New York, New York
December 5, 2012

                                        Respectfully submitted,

                                        PREET BHARARA
                                        United States Attorney for the
                                        Southern District of New York

                            By:   /s/ Emil J. Bove III
                                        Emil J. Bove III
                                        Amie N. Ely
                                        Michael D. Maimin
                                        Assistant United States Attorneys
                                        (212) 637-2444 / 2214 / 2238

## AFFIRMATION OF SERVICE

I, Emil J. Bove III, pursuant to Title 28, United States Code, Section 1746, hereby declares under the penalty of perjury that:

I am an Assistant United States Attorney in the Office of the United States Attorney for the Southern District of New York.

On December 5, 2012, I caused one copy of the Government's Opposition to Defendant Justin Simmons's Pretrial Motion to be served on all counsel of record via ECF.

Dated: New York, New York
       December 5, 2012

                                        Respectfully submitted,


                                         /s/ Emil J. Bove III
                                        Emil J. Bove III
                                        Assistant United States Attorney